THE PENNSYLVANIA RAILROAD COMPANY, appellant,

*v.*

JOHN B. THOMPSON, respondent.

Where the acts of a railroad company, in drilling its cars &c., amount to a legal nuisance to the owner and occupants of a dwelling-house adjacent to the track complained of, it cannot defend and justify such acts on the ground of necessity and adverse user, if the particular track whereon such drilling is done has been laid less than twenty years, although its other and adjoining tracks have been laid and used more than twenty years.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following opinion :

The complaint in this case is, that the defendant so manages the engines, cars and trains on its road, opposite the dwelling-house of the complainant, in the city of Camden, as to create a nuisance to the complainant. The allegations in the bill are so similar to, and the testimony so nearly corresponds with the testimony in, the case of *Pennsylvania R. R. Co. v. Angel, 14 Stew. Eq. 316,* that I shall be content with calling attention to that case. In that case, the court of appeals decided that acts similar to the ones established in this case amounted to a nuisance. And so far as the questions raised in this case are similar to the questions raised and decided in that, as I understand the counsel for defendant, he does not expect me to disregard the law as laid down in that case. It is true that counsel called my attention to the case of *Beseman v. Pennsylvania R. R. Co., 21 Vr. 235;* and the counsel claims that the supreme court decided in favor of the company, and that the facts on which the judgment was based, were, in all respects, similar to the facts in this case. But, unless the questions now before me are quite distinguishable from the *Angel Case,* I shall not be justified in departing from the rule there laid down.

But, as I understand the argument of counsel, beyond the foregoing, it is this: the defendant has the right to use the tracks—any of the tracks—in said city, in the very manner now complained of, and that this right it not only had by grant, but by necessity; and that this right, so coming to it by necessity, has ripened into an easement, by adverse user for more than fifty years, or ever since the road was built in 1833.

After a most careful consideration, I am of the opinion that the two first propositions were fully met and disposed of by the *Angel Case*. What of the right from adverse user? Generally speaking, no right, title or interest in lands or real estate can be acquired against the true owner, by adverse user, unless such user has been continued for the period of twenty years. *Lehigh Valley R. R. Co.* v. *McFarlan, 3 Stew. Eq. 180*. On this branch of the case, I do not understand that the case was disturbed in the court above. See, also, *Shreve* v. *Voorhees, 2 Gr. Ch. 25*, and *Baldwin* v. *Calkins, 10 Wend. 167; Cobb* v. *Davenport, 3 Vr. 369*, and see the cases cited in *1 Stew. Dig. 342 § 80*.

Without considering the testimony in detail, it will be quite sufficient to say, that, although the defendant may have used one or two of its tracks for a longer period than twenty years, and admitting that twenty years' adverse user will, in such case, secure the legal right to the continued adverse enjoyment, it is undisputed that the track, on which the acts complained of have been done, was only laid in the year 1882. This being so, as I understand the law, the defendant is limited to the manner and extent of its use during the period by which its rights were fixed. It cannot increase or enlarge them, without the consent of the owner of the servient estate. *Haskell* v. *Wright, 8 C. E. Gr. 389; Baldwin* v. *Calkins, 10 Wend. 167; Martin* v. *Jett, 12 La. 501 (32 Am. Dec. 120); Taylor* v. *Hampton, 4 McCord 96 (17 Am. Dec. 710); Crossley* v. *Lightowler, L. R. (2 Ch. App.) 478, 36 L. J. Ch. 584; Bankart* v. *Houghton, 5 Jur. (N. S.) 282, 28 L. J. Ch. 473, 32 L. T. 382; Savile* v. *Kilner, 26 L. T. (N. S.) 277*.

I will advise a decree in accordance with these views. The complainant is entitled to costs

Pressey *v.* H. B. Smith Machine Co.

*Mr. P. L. Voorhees,* for the appellant.

*Mr. J. W. Wartman* and *Mr. J. J. Crandall,* for the respondent.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the vice-chancellor.